**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CUSTOM FOAM WORKS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.  09-cv-0710-MJR |
| | ) |
| HYDROTECH SYSTEMS, LTD., and | ) |
| AQUATIC DEVELOPMENT GROUP, | ) |
| | ) |
| Defendants; | ) |
| | ) |
| HYDROTECH SYSTEMS, LTD., | ) |
| | ) |
| Counterclaim Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CUSTOM FOAM WORKS, INC., and | ) |
| DANE TIPPETT, | ) |
| | ) |
| Counterclaim Defendant. | ) |

<u>**MEMORANDUM AND ORDER**</u>

**REAGAN, District Judge:**

I.     <u>**Introduction**</u>

On August 12, 2010, Defendants Aquatic Development Group, Inc., and

Hydrotech Systems, Ltd., moved for partial summary judgment (Doc. 41).  Plaintiff Custom

Foam Works, Inc., ("CFW") timely filed a memorandum in opposition to Defendants' motion

(Doc. 47).  Now before the Court is Defendants' motion to strike CFW's memorandum in

opposition, pursuant to Fed.R.Civ.P. Rules 12(f) and 56(b) (Doc. 45).  The motion is fully

briefed and ready for disposition.

II.     <u>**Analysis**</u>

Motions to strike are governed by Fed. R. Civ. P. 12(f), which states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are strongly disfavored and are rarely granted. *See Heller Fin., Inc. v. Midwhey Powder Co., Inc.,* **883 F.2d 1286, 1294 (7th Cir. 1989);** *see also Western Publ'g Co. v. MindGames, Inc.,* **944 F.Supp. 754, 755 n. 1 (E.D.Wis. 1996) ("Motions to strike are generally disfavored and information ... will not be stricken unless it is evident that it has no bearing upon the subject matter of the litigation.")**.

A review of Defendants' motion and the memorandum that Defendants seek to strike leads the Court to conclude that this is not the rare case where a motion to strike should be granted. As stated above, Rule 12(f) provides that "the court may strike *from a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." **Fed.R.Civ.P. 12(f) (emphasis added)**.[1] Consequently, motions to strike pursuant to Rule 12(f) are appropriate only to strike matters contained in the pleadings. The document at issue, a memorandum in opposition to Defendants' motion for summary judgment, is not considered to be a pleading, so a motion under 12(f) is not a proper proceeding.

As Chief Judge Easterbrook noted in *Redwood v. Dobson* **476 F.3d 462 (7th Cir. 2007)**, "Motions to strike disserve the interest of judicial economy. The aggravation comes

---

[1]Federal Rule of Civil Procedure 7(a) defines pleadings as a complaint, an answer, an answer to a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and, if the court orders one, a reply to an answer. **Fed.R.Civ.P. 7(a).**

at an unacceptable cost in judicial time." **476 F.3d at 471**.  The Chief Judge's observation is equally applicable to the motion to strike filed in this case.  The motion does not serve to refine issues and aid in a more expeditious resolution of this matter; rather, the motion has generated another round of briefing that the Court must read and address before it can reach the merits of Defendants' motion for partial summary judgment.

Defendants seek to strike CFW's memorandum contending that CFW offers no affidavit or other sworn testimony that would be admissible.  Defendants assert that CFW has attached "a pile of documents without an affidavit to authenticate, lay foundation for, or even explain the significance of those documents...."

In the main, the documents of which Defendants complain are exhibits to Dane Tippett's (CFW's president) *sworn* supplemental answers to interrogatories.  As such, their genesis is known,  and their significance is explained within the answers.  Moreover, the Court is well able to distinguish and disregard any exhibits that are inadmissible for purposes of responding to Defendants' motion or are otherwise improper.

**III.**    <u>**Conclusion**</u>

For the foregoing reasons, the Court **DENIES** Defendants' motion to strike (Doc. 45).

**IT IS SO ORDERED.**

**DATED this 29th day of October, 2010**

<u>**s/Michael J. Reagan**</u>
**MICHAEL J. REAGAN**
**United States District Judge**

3