IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CUSTOM FOAM WORKS, INC., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 09-cv-0710-MJR |
| HYDROTECH SYSTEMS, LTD., and AQUATIC DEVELOPMENT GROUP, | ) |
| Defendants; | ) |
| HYDROTECH SYSTEMS, LTD., | ) |
| Counterclaim Plaintiff, | ) |
| v. | ) |
| CUSTOM FOAM WORKS, INC., and DANE TIPPETT, | ) |
| Counterclaim Defendant. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

### I. Introduction

In January 2005, Custom Foam Works, Inc., ("CFW") entered into a contract with Defendants, Hydrotech Systems, Ltd., ("Hydrotech") and Aquatic Development ("Aquatic"), under which CFW agreed to manufacture and deliver approximately 32,232 square feet of custom foam wall paneling to a project site in Virginia. As consideration for CFW's performance, Defendants agreed to pay CFW $508,103.20.

The complaint alleges that Defendants unilaterally terminated the contract

on July 13, 2005.  CFW commenced this action on September 10, 2009, alleging four counts of common law fraud and breach of contract against Defendants.  On June 11, 2010, the Court consolidated into this action the later-filed action *Hydrotech Systems, Ltd. v. Tippett*, Case No. 10-cv-0239-MJR.

Now pending before the Court is Defendants' first motion for partial summary judgment, which is fully briefed and ready for disposition.

## II.  Standard Governing Summary Judgment Motions

Summary judgment is proper if the pleadings, depositions, interrogatory answers, admissions, and affidavits leave no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  **FED. R. CIV. P. 56(c);** ***Hendaardy v. Univ. of Illinois at Chicago*, 328 F.3d 361, 364 (7th Cir. 2003);** ***Abrams v. Walker*, 307 F.3d 650, 653 (7th Cir. 2002).**  The moving party bears the burden of establishing both the absence of fact issues and entitlement to judgment as a matter of law.  ***Santaella v. Metropolitan Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997).**

In determining whether a genuine issue of material fact exists, the Court reviews the record in the light most favorable to the non-moving party and draws all reasonable inferences in the non-movant's favor.  ***Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986);** ***Ulichny v. Merton Community School Dist.*, 249 F.3d 686, 699 (7th Cir. 2001).**

Because the primary purpose of summary judgment is to isolate and dispose of factually unsupported claims, the non-movant may not rest on the pleadings but must

respond with affidavits or other evidence setting forth specific facts showing that there is a genuine issue for trial. *Oest v. IDOC*, **240 F.3d 605, 610 (7th Cir. 2001);** *Moore v. J.B. Hunt Transport, Inc.*, **221 F.3d 944, 950 (7th Cir. 2000).**

Summary judgment is particularly appropriate in cases involving the interpretation of written contracts. *ICEBU v. Hyster-Yale Materials Handling Inc.*, **83 F.3d 930, 932-33 (7th Cir. 1996);** *Ryan v. Chromalloy American Corp.*, **877 F.2d 598, 602 (7th Cir. 1989).** Stated another way, "contractual disputes lend themselves to resolution on summary judgment." *Diehl v. Twin Disc, Inc.*, **102 F.3d 301, 305 (7th Cir. 1996),** *citing* *GCIU Employer Retirement Fund v. Chicago Tribune Co.*, **66 F.3d 862, 864 (7th Cir. 1995).**

In *Diehl*, **102 F.3d at 305**, the Seventh Circuit declared that in reviewing a contract in the context of a summary judgment motion:

> The plaintiffs are entitled to all of the advantages usually accorded the non-moving party..., but a contract's meaning is a matter of law, *id.*, and where there is no contractual ambiguity, there is no resort to extrinsic evidence, hence no factual dispute to preclude summary judgment. Of course, we cannot interpret "the contract," until we identify the contract that we would interpret.

### III. Analysis

The contract provides - and the parties do not dispute - that New York law governs the interpretation of the contract. Under New York law, "[u]nconditional contract termination clauses are enforceable." *Ying-Qi Yang v. Shew-Foo Chin*, **839 N.Y.S.2d 90, 91 (N.Y.A.D. 2007) (citing** *Red Apple Child Dev. Ctr. v. Community School Dists. Two*, **756 N.Y.S.2d 527 (N.Y.A.D. 2003)).** A contract permitting a defendant to terminate the

agreement "for its convenience" is enforceable according to its clear terms." *Crow & Sutton Associates, Inc. v. Welliver McGuire, Inc.,* **820 N.Y.S.2d 179, 180 (N.Y.A.D. 2006)**.

At issue are sections 12 and 13 of the contract. Section 12 provides that Defendants could terminate the contract for cause, on the occurrence of any of certain listed events of default. Section 13 provides that Defendants could terminate the contract "for convenience," as follows:

> This Subcontract shall be subject to termination or suspension by Contractor for convenience. In the event of such termination or suspension, Subcontractor's damages shall be limited to the value of the Work completed including all materials purchased or in production but not yet on-site or installed. These materials must be delivered to site and then become possession of Contractor and must be in new condition. Subcontractor's damages shall also be limited to the date Subcontractor receives written notice of termination or suspension without allowance for additional profit on uncompleted Work or other compensatory damages.

There is no question that the contract provides for termination either for cause or for convenience. Neither Defendants nor CFW asserts that the terms of sections 12 and 13 are ambiguous. The issue that Defendants appear to be trying to circumvent is *which clause* governs the termination that occurred on July 13, 2005. The amount of payment, if any, due to CFW depends on which clause is applicable to the dispute. Defendants' motion - which asks the Court to find that "the termination provisions of the Subcontract are enforceable as written" - appears to be more of a fishing expedition than a motion for partial summary judgment.

Partial summary judgment is not appropriate on the record before the Court because genuine issues of material fact remain. For example, did Defendants breach the

contract prior to the July 13, 2005, termination by refusing to accept a delivery and by stopping payment on a check for $37,639.28? And did Defendants waive the convenience clause by failing to assert it at the time they terminated the contract? Simply saying that the contract must be enforced as written does not entitle Defendants to summary judgment on any issue in this proceeding.

### IV.    Conclusion

For these reasons, the Court **DENIES** Defendants' motion for partial summary judgment (Doc. 41).

**IT IS SO ORDERED.**

**DATED this 9th day of November, 2010**

                                      **s/Michael J. Reagan**
                                      **MICHAEL J. REAGAN**
                                      **United States District Judge**

`