IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CUSTOM FOAM WORKS, INC.** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.  09–cv–710 –MJR–SCW |
| ) | |
| **HYDROTECH SYSTEMS, LTD.,** and ) | |
| **AQUATIC DEVELOPMENT GROUP,** ) | |
| ) | |
| Defendants, ) | |
| ) | |
| **HYDROTECH SYSTEMS, LTD.,** and ) | |
| **AQUATIC DEVELOPMENT GROUP,** ) | |
| ) | |
| Counter-Claimants, ) | |
| ) | |
| v. ) | |
| ) | |
| **CUSTOM FOAM WORKS, INC.,** and ) | |
| **DANE TIPPETT,** ) | |
| ) | |
| Counter-Defendants. ) | |

# ORDER

**WILLIAMS, Magistrate Judge:**

      Before the Court is Plaintiff's Motion to Compel Discovery from Defendants (Doc. 54). Specifically, Plaintiff seeks full and complete responses and productions to its Supplemental Interrogatories and Second Requests for Production, seeking financial information from Defendants. Plaintiff seeks to overrule Defendants' objections to the Second Request for Production(Doc. 54 Ex. G) and their objection to Supplemental Interrogatory #4 (Doc. 54 Ex. C).  On January 14, 2011, the Court held a telephone discovery dispute conference in which both sides presented their arguments on the issue.  Following arguments, the Court issued its ruling on Motion which it now memorializes below.

      As to the Objection to Interrogatory #4 (Doc. 54 Ex. C), the Court **OVERRULES** the

objection. The Court **ORDERS** Defendants to provide a Response to Interrogatory #4 which asks "[o]n the date check no. 076763 was drawn and/or sent to Custom Foam Works how much money was in the account the check was drawn on."

As to the Second Request for Production, (Doc. 54 Ex. G), the Court **OVERRULES in part and SUSTAINS in part** Defendants' objections. The Court sustains the Defendants' objections to the Second Request for Production except as to Request # 23, which requests that Defendants "[p]roduce monthly account statements from and including November 2004 through and including November 2006 from each and every financial institution defendants used to issue checks from relating to this Project specifically including, but not limited to the account used to issue the May 31, 2005 check to the Plaintiff for which a stop payment order was issued." The Court finds that while some of the financial information which Plaintiff seeks is relevant to this case in order to show a course of dealing between the parties and possibly rebut Defendants' arguments as to why they issued a stop-payment on check no. 076763, the Court finds that the scope of the interrogatory, including the time frame for which Plaintiff seeks financial information, is too broad. Rather, the Court **ORDERS** Defendants to provide Plaintiff unredacted monthly account statements for the account associated with check no. 076763 for the months for May, June, and July of 2005 within fourteen (14) days of this Order.

Given the confidential nature of the information Plaintiff seeks, the Court issues a Protective Order, ordering that the information produced is to be distributed and used by Plaintiff's counsel only and is to be used solely for this litigation. While Plaintiff's counsel may allow Plaintiff to view the documents, such information shall not be distributed to Plaintiff nor to any other person, other than Plaintiff's retained experts who may view the documents for the purpose of this litigation only. Upon the close of litigation, Plaintiff's counsel shall certify to Defendants that all documents, and any

copies of the documents, have been returned to Defendants or destroyed. Should either party determine that any confidential material that is filed should be sealed, such a request needs to be made by separate motion prior to such filing. Any filed material not placed under seal by the Court will be made part of the public record.

**IT IS SO ORDERED**.

DATED: January 14, 2011.

>                   */s/ Stephen C. Williams*
>                   STEPHEN C. WILLIAMS
>                   United States Magistrate Judge