IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CUSTOM FOAM WORKS, INC., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 09-cv-0710-MJR |
| HYDROTECH SYSTEMS, LTD., and AQUATIC DEVELOPMENT GROUP, | ) |
| Defendants; | ) |
| HYDROTECH SYSTEMS, LTD., | ) |
| Counterclaim Plaintiff, | ) |
| v. | ) |
| CUSTOM FOAM WORKS, INC., and DANE TIPPETT, | ) |
| Counterclaim Defendant. | ) |

MEMORANDUM AND ORDER

REAGAN, District Judge:

I.   Introduction

In January 2005, Custom Foam Works, Inc., (CFW) entered into a contract with Hydrotech Systems, Ltd., and Aquatic Development (collectively, Defendants), under which CFW agreed to manufacture and deliver approximately 32,232 square feet of custom foam wall paneling to a project site in Virginia. As consideration for CFW's performance, Defendants agreed to pay CFW $508,103.20.

The complaint alleges that Defendants unilaterally terminated the contract on July 13, 2005. CFW commenced this action in September 2009, alleging four counts of common law fraud and breach of contract against Defendants. On June 11, 2010, the Court consolidated into this action the later-filed action *Hydrotech Systems, Ltd. v. Tippett*, Case No. 10-cv-0239-MJR.

A Scheduling and Discovery Order proposed by the parties and entered by Magistrate Judge Proud imposed a July 9, 2010 discovery cut-off and a July 23, 2010 dispositive motion deadline (*see* Doc. 18). That Order also set the timetable to disclose expert witnesses and written reports pursuant to Federal Rule of Civil Procedure 26(a)(2). However, at the June 23, 2010, status conference, the Court found that consolidation of the cases had rendered the Scheduling Order unworkable (Doc. 33). Consequently, the Court rescheduled trial and advanced the discovery deadline to December 28, 2010, and the dispositive motion deadline to January 7, 2011. *Id*.

CFW designated its expert witness, Nancy Matheny, on December 28, 2010. Defendants maintain that, under the Scheduling Order, CFW was required to disclose expert witnesses by April 1, 2010, nearly nine months earlier. Defendants also assert that the Rule 26(a)(2)(B) report disclosed by CFW, authored by Matheny and Gary Schroeder, was incomplete. Defendants submit that CFW supplemented its report with missing exhibits on January 28, 2011, but still has not provided all the documents, information and other resources upon which Matheny relied in forming her opinions and reaching her conclusions.

CFW responds that its disclosure of Matheny was proper, timely and in full accordance with the Rules. CFW submits that it disclosed Matheny prior to the discovery deadline and the Rule 26(a)(2)(D) expert witness disclosure deadline. CFW asserts that it timely supplemented its disclosure by providing Matheny's report on January 4, 2011. According to CFW, the documents disclosed on January 28, 2011, were pages inadvertently left out of the disclosure - of which CFW had no knowledge. Upon Defendants requesting the missing pages, CFW's counsel sent them to Defendants the same afternoon. Moreover, CFW contends that Defendants were not prejudiced by this error because Matheny excerpted the relevant portions and placed them in the text of her report, and the exhibits at issue had previously been disclosed in discovery. CFW next asserts that Defendants had notice that CFW was retaining an expert because CFW's September 7, 2010, Supplemental Answers to Interrogatories and Compliance with Requests for Production outlined possible sources of damages and then stated that the answer was "[s]ubject to and of expert opinion." Lastly, CFW states that, rather than making "multiple requests" for the materials upon which Matheny relied, Defendants have not requested these materials or asked for Matheny to be produced for deposition.

II.   Discussion

Rule 26(a)(2) requires that a party disclose expert witness reports within the time period established by the court. **Fed.R.Civ.P. 26(a)(2)(D)**. Rule 26(a)(2)(B) requires that expert witness disclosures include, *inter alia*, "a complete statement of all opinions the witness will express and the basis and reasons for them[.]" **Fed.R.Civ.P. 26(a)(2)(B)**. Rule

26(e) imposes a duty on all parties to supplement their expert witness disclosures "if the party learns that in some material respect the disclosure or response is incomplete or incorrect." **Fed.R.Civ.P. 26(e)(1)**.

Under Rule 26(a)(2)(D), absent a stipulation or court order, expert witness disclosures must be made "at least 90 days before the date set for trial or for the case to be ready for trial." **Fed.R.Civ.P. 26(a)(2)(D)**. As the Court stated in its Order reflecting discussions at the June 23, 2010, status conference (Doc. 33), consolidation of the cases had rendered the Scheduling Order then in place unworkable. It defies common sense to assume that the Court would advance the discovery and dispositive motion deadlines more than five months but require the parties to disclose expert witnesses in accordance with a scheduling order deemed unworkable.

Defendants could have asked for a Rule 16 conference to obtain an amended scheduling and discovery order, but they did not do so. With neither stipulation nor court order in place, the date by which expert witnesses had to be disclosed defaulted to "at least 90 days" before trial. Trial is set for April 4, 2011, so expert witnesses had to be disclosed by January 4, 2011.

By January 4, 2011, CFW had disclosed Matheny and provided her report. When Defendants identified some missing pages, CFW immediately supplemented in accordance with Rule 26(e)(1). Accordingly, CFW's disclosure of its expert witness was timely.

The Court observes that Defendants proposed a new scheduling and

discovery order that would have required CFW's expert to be disclosed by October 1, 2010, and deposed by November 5, 2010 (Doc. 69-5). Assuming, *arguendo*, that CFW ignored Defendants' proposal, it was Defendants' responsibility to seek a new scheduling order *from the Court* rather than allowing CFW's inaction to dictate a result.

Regarding Defendants' assertion that it had little or no opportunity to file a *Daubert* motion, the Court notes that Defendants did not move for an extension of time to file a *Daubert* motion and waited approximately six weeks before filing a motion to strike CFW's expert. If Defendants' wished to challenge Matheny's expertise, they could have promptly moved for an extension of time. Moreover, since this matter is scheduled for a bench trial, there is no danger of improperly influencing the jury with testimony that may ultimately be stricken or disregarded under *Daubert.*

III. Conclusion

For the foregoing reasons, the Court **DENIES** Defendants' motion to strike Plaintiff's expert witness (Doc. 69) and **DENIES as moot** Defendants' motion to shorten the time for Plaintiff to respond to the motion to strike (Doc. 71).

**IT IS SO ORDERED.**

**DATED this 10th day of March, 2011**

s/Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**