IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CUSTOM FOAM WORKS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 09-cv-0710-MJR |
| | ) |
| HYDROTECH SYSTEMS, LTD., and | ) |
| AQUATIC DEVELOPMENT GROUP, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| HYDROTECH SYSTEMS, LTD., | ) |
| and AQUATIC DEVELOPMENT GROUP, | ) |
| | ) |
| Counter-Claimants, | ) |
| | ) |
| v. | ) |
| | ) |
| CUSTOM FOAM WORKS, INC., and | ) |
| DANE TIPPETT, | ) |
| | ) |
| Counterclaim-Defendants. | ) |

MEMORANDUM and ORDER

REAGAN, District Judge:

I.       Introduction

        In January 2005, Custom Foam Works, Inc., (CFW) brought a breach of contract and

common law fraud lawsuit against Hydrotech Systems, Ltd., and Aquatic Development

(collectively, Defendants).  In the contract, CFW agreed to manufacture and deliver approximately

32,232 square feet of custom foam wall paneling to a project site in Virginia.  As consideration for

CFW's performance, Defendants agreed to pay CFW $508,103.20.  CFW claims that Defendants

unilaterally terminated the contract and failed to provide CFW with payment as agreed in the

contract. On June 11, 2010, the Court consolidated into this action the later-filed action, *Hydrotech Systems, Ltd v. Tippett*, Case No. 10-cv-0239-MJR.

A Scheduling and Discovery Order proposed by the parties and entered by Magistrate Judge Proud imposed a July 9, 2010 discovery cut-off and a July 23, 2010 dispositive motion deadline (*see* Doc. 18). That order also set the timeline to disclose expert witnesses and written reports pursuant to Federal Rule of Civil Procedure 26(a)(2). However, during the status conference on June 23, 2010, the Court found that consolidation of the cases had rendered the Scheduling and Discovery Order unworkable (Doc. 33). Consequently, the Court rescheduled trial and advanced the discovery deadline to December 28, 2010, and the dispositive motion deadline to January 7, 2011. *Id.*

On December 28, 2010, CFW designated its expert witness Nancy Matheny. CFW asserts that it timely supplemented its disclosure by providing Matheny's report on January 4, 2011. On January 28, 2011, CFW supplemented Matheny's report with pages that it indicated were inadvertently left out of the report. On February 15, 2011, Defendants filed a motion to strike CFW's expert witness (Doc. 69), which the Court denied on March 10 (Doc. 81). On March 22, the Court also denied Defendants' motion to reconsider (Docs. 82, 84). On April 29, 2011, Defendants disclosed rebuttal expert Ryan Clark. (Doc. 88, Exhibit B).

Now before the Court is CFW's motion to strike Defendants' untimely expert opinion witness disclosure and to bar Defendants from presenting expert testimony at trial (Doc 88).

II.     Discussion

    A.     <u>Rule 26</u>

Pursuant to Rule 26(a)(2) a party must disclose to the other parties the identity of any witness it may use at trial to present evidence and must make these disclosures at the times and in

the sequence that the court orders. **Fed. R. Civ. P. 26(a)(2)(D).** Rule 26(a)(2)(B) requires expert

witness disclosures to include, *inter alia*, a complete statement of all opinions the witness will

express and the basis and reasons for them." **Fed. R. Civ. P. 26(a)(2)(D).** Rule 26(a)(2)(D) also

requires that, absent a court order, a disclosure must be made "(i) at least 90 days before the date set

for trial or for the case to be ready for trial or (ii) if the evidence is intended solely to contradict or

rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C),

within 30 days after the other party's disclosure." **Fed. R. Civ. P. 26(a)(2)(D)**.

As the Court stated in its June 23, 2010, Order (Doc. 33), consolidation of the cases

had rendered the Scheduling Order, then in place, unworkable. As stated before by this Court it

would be against common sense to assume that the Court would advance the discovery and

dispositive motion deadlines more than five months while at the same time requiring the parties to

disclose expert witnesses in accordance with a scheduling order deemed unworkable.

Defendants maintain that in the interests of fairness and substantial justice, they

should be permitted to present testimony from their rebuttal expert at trial. This Court does not

agree. Defendants could have asked for a Rule 16 conference to obtain an amended scheduling and

discovery order after the consolidation of the cases had rendered the prior Scheduling Order

unworkable, but they did not. With neither a stipulation nor a court order in place pursuant to Rule

26(a)(2)(D), the date by which expert rebuttal witnesses had to be disclosed defaulted to 30 days

after the other party's disclosure. Defendants disclosed their rebuttal witness on April 29, 2011,

more than three-and-one-half months after CFW disclosed its expert and provided her report.

Defendants neither timely disclosed their rebuttal expert, nor sought an extension of

time for disclosing him, nor sought additional time to depose CFW's expert witness. Even if

Defendants' deadline were tolled while the Court decided their motion to strike and subsequent

motion to reconsider, Defendants still waited more than 30 days after the Court denied reconsideration on March 22, 2011, to disclose their expert.

B.    Rule 37

Rule 37 provides in pertinent part that if a party fails to identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that witness to supply evidence at a trial "unless the failure was substantially justified or is harmless."  **Fed. R. Civ. P. 37(c)(1).**  The determination of whether a late expert witness disclosure should be allowed is entrusted to the district court. ***David v. Caterpillar, Inc*., 324 F.3d 851, 857 (7th Cir. 2003)**.  The Seventh Circuit has set forth four factors to guide the district court's analysis:  (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. ***Id.***

Here, it is clear that Defendants' disclosure of a rebuttal witness has surprised and prejudiced CFW.  Defendants knew of CFW's expert witness and report on January 4, 2011, and deposed Matheny on March 23, 2011.  Defendants had ample opportunity for review and to obtain a rebuttal expert.  Because Defendants' expert witness disclosure occurred just over one month prior to trial, CFW has no meaningful opportunity to review the report, consult with its own expert regarding the validity of the rebuttal expert's report, depose Defendants' expert and perhaps retain a sur-rebuttal expert.  The only possible cure for the prejudice is a continuance of trial, which is disruptive and unacceptable to the Court since trial is scheduled  to commence within two weeks.

Concerning the question of bad faith, Defendants were well able to review CFW's expert witness report in January, to seek an extension of time if needed or to timely disclose a rebuttal witness. Instead, Defendants submit that they relied on a side agreement that allowed them

to call a rebuttal witness, apparently in close proximity to trial. While side agreements may serve the parties involved, the Court had no hand in creating the agreement and, accordingly, has no hand in enforcing it.

In summary, as numerous courts have found, deadlines have meaning and consequences. *Spears v. City of Indianapolis,* **74 F.3d 153, 158 (7th Cir. 1996)** (noting the district court's adherence to "sound policy" in stating, "If the court allows litigants to continually ignore deadlines and seek neverending extensions without consequence, soon the court's scheduling orders would become meaningless."); *Parker v. Freightliner Corp.,* **940 F.2d 1019, 1024 (7th Cir. 1991)** (discussing barring the use of expert testimony and stating that "[j]udges must be able to enforce deadlines."); *Wilson v. Sundstrand Corp.,* **2003 WL 259139, at \*2 (N.D.Ill. 2003)** ("Any purported problem created by the pendency of expert disclosure ... was well known to the defendant; ... Rule 26(b)(2)(C) is crystal-clear about the expert disclosure schedule that applies if the Court does not set its own."); *Amari v. C.R. England, Inc.,* **2010 WL 2943686, at \*3 (S.D.Ind. 2010)** ("Failing to provide information before a deadline results in disqualification of the use of that information.... Moreover, 'exclusion of non-disclosed evidence is automatic and mandatory ... unless non-disclosure was justified or harmless.'") (internal citation and citation omitted); *Finwall v. City of Chicago,* **239 F.R.D. 494, 503 (N.D.Ill. 2006)** ("Deadlines such as those envisioned by Rule 26(a)(2)(B) and 37(c)(1) are essential to the maintenance of a smooth and orderly flow of cases") (citations omitted).

The Federal Rules provide with exacting specificity the deadline for disclosing a rebuttal expert. Defendants did not meet that deadline, and, in consequence, the untimely disclosed expert opinion witness disclosure must be stricken and Defendants barred from presenting expert testimony at trial.

III.    Conclusion

For the foregoing reasons the Court **GRANTS** CFW's May 9, 2011, motion to strike Defendants' untimely expert opinion witness disclosure and to bar Defendants from presenting expert testimony at trial.

As a final matter, the Court **ADVISES** the parties that the bench trial presently set to commence at 9:00 a.m., Monday, June 6, 2011, may be delayed by one or two days because a jury trial may run beyond its anticipated length.  The Court will inform the parties of the setting as soon as the date is certain.

IT IS SO ORDERED.

DATED June 1, 2011

s/Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge